TAYLOR *v.* SIMPKINS.

Opinion delivered April 16, 1928.

1. BANKS AND BANKING—INSOLVENT BANK—PROOF OF CLAIM.—Crawford & Moses' Dig., § 722, as amended by Acts 1923, p. 520, § 5, requiring proof of claim within one year after the Bank Commissioner takes over an insolvent bank's assets, *held* inapplicable to a claim of a nonresident depositor without notice of the bank's insolvency or notice to file claim where the Commissioner had the full amount of the deposit in his hands for payment on demand from funds loaned by other banks for the payment of depositors.

2. BANKS AND BANKING—BANK COMMISSIONER TRUSTEE WHEN.—The Bank Commissioner, in accepting money loaned to an insolvent bank by other banks and turned over to him for payment of all depositors, became a trustee, whose duty it was to apply such funds to the purposes of the trust.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; affirmed.

*R. W. Wilson,* for appellant.

*Rowell & Alexander,* for appellee.

McHANEY, J. Appellant has correctly stated the case as follows:

"On January 5, 1925, the Citizens' Bank of Pine Bluff, Arkansas, was found to be insolvent, and the Bank Commissioner, Charles McKee, took charge of its affairs, and appointed C. A. Fullinwider, special deputy, in charge. On the same day the bank and the directors thereof entered into a contract with five other banks of Pine Bluff for sufficient money to pay all depositors, etc., not exceeding $2,300,000. The assets of the Citizens' Bank, including the money borrowed, were turned over to the Bank Commissioner for the purpose of liquidating the affairs of the Citizens' Bank. All local depositors were taken care of by the five banks, but the intervener's (being a nonresident, and not being located) deposits remained in the hands of the commissioner. The Bank Commissioner complied with the statutes in giving the various notices, but the intervener did not make proof of her claim or demand payment until August 26, 1926, when same was refused.

"Intervener claims that the contract supersedes the statute of limitations as set out in § 722 of C. & M. Digest and amended by § 5 of the act 627 of the General Assembly of 1923. Appellants contend that payment is prohibited by the provisions of the above statute, and that the contract does not prevent the running of the statute of limitations; that the fund obtained by the Citizens' Bank and its directors was not a trust fund, but only for purpose of paying the depositors, etc., in accordance with the law, the same as if no funds had been borrowed.

"The chancellor found that the one-year statute of limitations for presenting and making proof of her claim and the additional six months for filing suit after her claim was rejected did not apply, and that the intervener, Doshia Simpkins, is entitled to recover, and from that decree the Bank Commissioner has appealed."

The only question for our determination is whether the appellee is barred by the one-year statute of limitations, as contained in § 722, C. & M. Digest, as amended by § 5 of act 627 of 1923. A part of this section is as follows:

"The commissioner shall cause notice to be given by advertisement in such newspapers as he may direct, weekly for four consecutive weeks, calling on all persons who may have claims against the said estate, to present the same to him and make legal proof thereof, at a place and at a time to be fixed by the said commissioner in said notice. At or after the expiration of said time the commissioner shall give, either personally or by depositing in the mail, a further ten days' notice to all creditors who have not yet then proved their claims and whose names and addresses are known to him. No claim shall be allowed unless proof thereof has been presented to the commissioner within one year from date on which the commissioner takes over the assets of the liquidated bank. If the commissioner doubts the justice or the validity of any claim, he may reject the same and serve

notice of such rejection upon the claimant, either by depositing the same in the mail or personally. An affidavit of the service of such notice, as also of any such ten days' notice, which shall be *prima facie* evidence thereof, shall be filed with the commissioner. An action upon a claim so rejected must be brought within six months after such service.''

She did not present her claim within that time. She in fact presented it about six months later, and the Bank Commissioner, although having the money in his hands which had been turned over to him by the five other banks in Pine Bluff for this purpose, declined to pay same, and refused her claim, on the ground that he was prohibited from so doing by the above statute.

This act of 1923 amended and changed the banking laws of this State in many respects. The above section, which is quite lengthy, and too long to set out in full herein, prescribed the procedure for the commissioner to take in winding up the affairs of an insolvent bank in the ordinary way, that is, where he takes over the assets and liabilities and proceeds to liquidate it by collecting the assets, turning them into cash, and paying its debts. It provides for the payment of dividends on the claims filed from time to time as cash is accumulated in his hands for this purpose. In such a case it would be necessary for the Bank Commissioner to determine, within a reasonable time, what the provable claims against the bank were, in order that he might make distribution of the funds by way of dividends. The statute of limitations, as fixed in the act, therefore very properly applies to such a case, as otherwise the Bank Commissioner would not know the amount of dividends he might declare and pay at any given time. But the facts in this case are wholly different. Here the Bank Commissioner is not proceeding under the statute to liquidate the affairs of the Citizens' Bank of Pine Bluff, but by virtue of a contract between it and the other five banks in Pine Bluff. Funds to the extent of the total deposits in the

bank were turned over to him for the express purpose of paying all depositors. It was not contemplated that dividends would be declared and paid to the depositors from time to time until the assets of the bank were exhausted, but each and every depositor became immediately entitled to the full amount of his deposit on demand. Appellee, being a nonresident, did not know of the insolvency of the Citizens' Bank, and received no notice from the Bank Commissioner directing her to file her claim. The exact amount of her deposit was shown upon the books of the bank, and he knew she was a depositor and entitled to the sum allowed her by the court in this action. The concluding sentence in the above section of the act of 1923 reads as follows: "The commissioner may pay over any such unclaimed deposits or dividends when the same are claimed within apt time, as aforesaid, to the person respectively entitled thereto, upon evidence satisfactory to himself or upon order of the chancery court."

This clause has no particular application, except that it shows that there is some discretion left to the commissioner and the court to pay unclaimed deposits, even after the time provided for. That part of the contract between the Citizens' Bank and the other five banks in Pine Bluff which is peculiarly *apropos* here reads as follows:

"At the request of the parties of the first part, the parties of the second part have agreed and do hereby agree to lend to the Citizens' Bank of Pine Bluff such amount as may be necessary, together with the cash which said Citizens' Bank has on hand, to pay all deposits, bills payable, outstanding drafts, acceptances and current bills of said Citizens' Bank, not exceeding $2,300,000, the proceeds of such loan to be used for said purposes and as may be agreed upon and directed by the said parties of the second part. The Citizens' Bank of Pine Bluff hereby agrees to repay to the parties of the second part the amount so loaned, on demand, with interest thereon

at the rate of six per cent. per annum from date until paid."

By taking charge of the Citizens' Bank the same day the above agreement was made, the money was turned over to the commissioner for the purposes indicated, and in accepting it he became a trustee, whose duty it was to apply the funds received by him to the purposes of the trust. It is not claimed that the fund has been exhausted by the payment of deposits and other liabilities of the bank, so that this claim cannot be paid, but, on the contrary, it is admitted that the Bank Commissioner has in his hands the funds with which to pay same. It could not lawfully be paid to any one else, and the manifest justice and equity of the case is that it be turned over to her.

We are therefore of the opinion that the statute of limitations has no application to the facts in this case, and that the Bank Commissioner is under the same duty to pay this deposit on demand as the Citizens' Bank of Pine Bluff would have been had it not been taken over by the Bank Commissioner. The judgment of the chancery court is therefore correct, and it is affirmed.